**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 29, 2021**

# In the Court of Appeals of Georgia

A21A1047. STOCKERT v. ROGERS.

PINSON, Judge.

A college student riding a motorized skateboard collided with a cyclist, got hurt, and sued the cyclist. Before trial, the trial court excluded evidence that the skateboarder was not wearing a helmet at the time of the collision. But the court grounded this ruling only in a purported "public policy" that the court "imported" from state statutes that do not cover motorized skateboards. This is not a valid legal basis for excluding evidence, so we reverse the trial court's evidentiary ruling.

## Background

This case arises out of the collision of two Georgia Tech students, Brydan Rogers and Joseph Stockert. For our purposes, the details mostly don't matter, but for context: Rogers was riding his motorized skateboard (a "Boosted Board V2 Dual

Plus") on campus. As he approached an intersection, he sped up to beat a yellow light. Stockert, who was riding his bicycle through the same intersection, says he did not see Rogers coming in his direction. They crashed into each other in the middle of the intersection, and Rogers suffered skull and facial fractures as well as cuts and scarring on his face and forehead.

Rogers sued Stockert in tort to recover for his injuries. Before trial, Rogers moved to exclude evidence that he was not wearing a helmet at the time of the collision. After an evidentiary hearing, the trial court granted the motion. The court noted two state statutes that require cyclists under the age of 16 and riders of electric bicycles to wear helmets, and each preclude using the violation of those requirements as evidence of negligence or liability, see OCGA §§ 40-6-296 (d) (2) (cyclists under 16), 40-6-303 (c) (5) (electric bicycles). Acknowledging that those statutes do not cover motorized skateboards, the court "import[ed] the public policy from" those statutes and "appl[ied] that public policy to [Rogers'] motorized skateboard." We granted Stockert's application for interlocutory appeal from that ruling.

## Discussion

We review rulings on motions in limine for abuse of discretion. *Mark v. Agerter*, 332 Ga. App. 879, 879 (775 SE2d 235) (2015). And an abuse of discretion

2

occurs when the trial court commits a significant legal error that affects the exercise of discretion. *Rockdale Hosp. v. Evans*, 306 Ga. 847, 851 (2) (b) (834 SE2d 77) (2019).

On appeal, Stockert argues that the trial court abused its discretion by excluding evidence based only on the "public policy" behind statutory exclusions that do not apply to riders of motorized skateboards. We agree.

Evidence is properly excluded on one of two grounds: either the evidence is not relevant, or a specific exclusionary rule applies. OCGA § 24-4-402; see *State v. Orr*, 305 Ga. 729, 736 (3) (827 SE2d 892) (2019) ("[R]elevant evidence is admissible unless a specific exception applies." (citing OCGA § 24-4-402)). Here, the trial court did not address relevance, so its decision to exclude the no-helmet evidence stands or falls on whether a specific exclusionary rule applies.

The universe of specific exclusionary rules is limited by statute. First, Georgia's Rule 402 explains that otherwise relevant evidence may be excluded based on rules grounded in "constitutional or statutory authority." OCGA § 24-4-402. The Evidence Code's "specific and detailed exclusionary rules" are the obvious example. *Orr*, 305 Ga. at 738 (827 SE2d 892) (2019); see, e. g., OCGA §§ 24-4-403, -407

3

through -412.[1] Second, OCGA § 24-1-2 (e) grandfathers in old common law exclusionary rules—those rules which predate Georgia's current Evidence Code—in the rare instances (if there are any) when such rules haven't been "modified by statute." See *Chrysler Group, LLC v. Walden*, 303 Ga. 358, 364 (11) (812 SE2d 244) (2018) (rejecting the old party-wealth-evidence rule as abrogated by the new Evidence Code).[2] That's it: that's the list. Under our Evidence Code, these are the only possible sources of specific exclusionary rules. See *Orr*, 305 Ga. at 738–39 (3); see also *United States v. Lowery*, 166 F.3d 1119, 1125 (11) (11th Cir. 1999) (explaining that the exceptions in Federal Rule 402 are "an exclusive list of the sources of authority for exclusion of evidence in federal court"); *State v. Almanza*, 304 Ga. 553, 556 (2) (820 SE2d 1) (2018) ("if a rule in the new Evidence Code is materially identical to a Federal Rule of Evidence, we look to federal case law").

---

[1] Statutory exclusionary rules may also be found outside the Evidence Code. See, e. g., OCGA § 40-8-76.1 (d) (failure to wear a seatbelt in a motor vehicle is not admissible as evidence of negligence, causation or to diminish recovery for damages in any civil action).

[2] But see *Orr*, 305 Ga. at 735–36 (expressing doubt that the Supreme Court of Georgia had the power "promulgate ... exclusionary evidence rules at all, at least after 1983" (citing Ga. Const. of 1983, Art. VI, Sec. I, Par. IX ("All rules of evidence shall be as prescribed by law."))).

Note what is not on that list: "judge-made exclusionary rules that lack even the backing of common-law authority." *Orr*, 305 Ga. at 738 (3). Like its federal counterpart, Georgia's Rule 402 chose constitutional and statutory text over the judicial imagination as the touchstone for admissibility decisions going forward. See id. Unlike exclusionary rules with constitutional, statutory, or common law provenance, new judge-made rules are never valid grounds for excluding evidence.

Yet such a rule was the only basis for the trial court's ruling here. In excluding evidence that Rogers was not wearing a helmet when he collided with Stockert, the court identified two statutes that preclude using certain cyclists' failure to wear a helmet as evidence of negligence or liability. See OCGA §§ 40-6-296 (d) (5) (cyclists under 16), 40-6-303 (c) (5) (electric bicycles). But everyone, the trial court included, agrees that those statutes regulate only "bicycles" and "electric bicycles" and do not apply in any way to motorized skateboards.[3] And the trial court did not purport to

---

[3] Neither statute defines "bicycle," but it could probably go without saying that a skateboard is not a bicycle. In any event, Merriam-Webster tells us that a bicycle is "a vehicle that has two wheels one behind the other, a steering handle, and a saddle seat or seats and is usually propelled by the action of the rider's feet upon pedals." *Bicycle*, Merriam-Webster's Unabridged Dictionary, Merriam-Webster, https://unabridged.merriam-webster.com/unabridged/bicycle. Like most skateboards we are familiar with, Rogers' motorized skateboard had four wheels and no "steering handle" "saddle seat," or "pedals."

exclude no-helmet evidence under any other statutory exclusionary rule (like Rule 403, for example), or even under an old common law rule. Instead, the court simply "import[ed]" an unstated "public policy" from the bicycle statutes and "appl[ied]" it to the motorized skateboard. Absent constitutional or statutory authority for this new motorized-skateboard-specific exclusionary rule—and neither Rogers' briefing nor our own review turns up any such authority—it is not a valid ground for excluding any evidence in this case.

This is not to say that no-helmet-on-motorized-skateboard evidence is always admissible, or even that the evidence at issue here must come in. Such evidence may or may not be relevant under the circumstances of a given case, and a specific exclusionary rule may or may not apply. We hold only that it was error to exclude evidence that Rogers was not wearing a helmet here based only on a new rule not grounded in constitutional or statutory text.[4]

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*

[4] The parties argue on appeal about whether evidence of Rogers' helmet use is relevant. But the trial court excluded that evidence without addressing relevance, and like all appellate courts, "we are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U. S. 709, 719 (I) (B), n. 7 (125 SCt 2113, 161 LE2d 1020) (2005). The parties may, of course, present those arguments to the trial court on remand.